IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PENDARIES VILLAGE**
**COMMUNITY ASSOCIATION.**,

    Plaintiff,

v.                                                                                          No. 1:23-cv-00058

**GRANITE STATE**
**INSURANCE COMPANY**,

    Defendant.

**NOTICE OF REMOVAL OF STATE COURT ACTION**
**PURSUANT TO 28 U.S.C.S. §§ 1332 AND 1441 ON THE BASIS OF DIVERSITY**

Pursuant to 28 U.S.C.S §§ 1332 and 1441 on the basis of diversity, Defendant Granite State Insurance Company ("Granite State") by and through its counsel, Lewis Brisbois Bisgaard & Smith, LLP (Jill M. Collins and Vanessa E. Garcia), gives Notice of Removal to this Court of the civil action filed in the Fourth Judicial District Court for the State of New Mexico, County of San Miguel, Cause No. D-412-CV-2022-00324 by Plaintiff Pendaries Village Community Association ("Plaintiff"). As grounds for this Notice of Removal, Granite State provides the following:

1.    On December 20, 2022, Plaintiff filed a Complaint for Breach of Insurance Contract, Violation of the New Mexico Unfair Claim Practices Act, and Bad Faith against Granite State in the Fourth Judicial District, State of New Mexico, San Miguel County ("Complaint"). A copy of the Complaint is Attached Hereto as **Exhibit A.**

2.    The State of New Mexico Office of Superintendent accepted service of the complaint on behalf of Granite State on December 21, 2022. *See* Acceptance of Service, attached as **Exhibit B.**

1

3. Granite State's Notice of Removal is timely as it was filed within thirty (30) days of acknowledgment of service pursuant to 28 U.S.C. § 1446(b).

4. Granite State, by and through its undersigned counsel, consents to the removal of this action pursuant to 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d) copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Fourth Judicial District Court, State of New Mexico, County of San Miguel.

6. The claims stated against Granite State that are subject to the original jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) are as follows:

    a. Breach of Insurance Contract;

    b. Violation of the New Mexico Unfair Claims Practices Act; and

    c. Insurance Bad Faith.

## GROUNDS FOR REMOVAL

7. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the place in which the action is pending. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000, exclusive of interests and costs.

8. As of the date of this Notice of Removal, there exists complete diversity of citizenship between Plaintiff and Granite State.

9. According to their Complaint, Plaintiff is the named insured under an insurance policy issued by Defendant for real property located in San Miguel County, New Mexico. *See* **Exhibit A**: Complaint, at ¶ 1. According to the New Mexico Secretary of State, Plaintiff is a

domestic nonprofit company organized and existing under the laws of the State of New Mexico with its principal place of business located at 31 Lodge Road, Rociada, New Mexico.

10. Granite State is an Illinois corporation organized and existing under the laws of the State of Illinois with its principal place of business at 1271 Ave of the Americas FL 37, New York, NY. When evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its principal place of business. *See* 28 U.S.C.S. 1332(c)(1). Therefore, Granite State and Plaintiff are diverse parties.

11. The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of litigation." *See Valdez v. Metro. Prop. & Cas. Ins.*, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012)(No. CIV 11-0507 JB/KBM), *citing McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Granite State must "affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it possible" that more than $75,000 is in controversy. *McPhail, supra*, at p. 956. It is only the jurisdictional facts that must be proven by a preponderance of the evidence – not the legal conclusion that the statutory threshold amount is in controversy. *Id.* at p. 955.

> The proponent of federal jurisdiction must prove contested *facts*; and because a defendant has no control over the complaint, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount if uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case…

*Id.* at p. 954. The *McPhail* Court relied on the Seventh Circuit's decision in *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) for clarification of the removing defendant's burden to establish the amount of controversy.

> …the Seventh Circuit has clarified this jurisprudential mess, explaining the proper role of the "preponderance of the evidence" standard, and how defendants may have a chance at satisfying it…
>
> …the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). Once the estimate has been made-- and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence . . . --then the *St. Paul Mercury*[1] standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Id.* at 955 (citing *Meridian*, *supra* at pp. 540-43).

12.  A complaint that "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail, supra*, at pp. 955-56. The *McPhail* Court cited to the Fifth Circuit's decision in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (fifth Cir. 1999) for examples of the types of facts and theories of recovery that could support removal.

> For example, the Fifth Circuit has upheld removal based on a complaint seeking recovery in tort for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The court made this determination by "[r]eading the face of the complaint," even though it did "not specify the numerical value of the damage claim." *Id.*

*Id.* at 955-56.

---

[1] The "*St. Paul Mercury* standard" is in reference to the standard articulated in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845, 848-49 (1938) that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

4

13. Documents that demonstrate a plaintiff's own estimate of the claim's value are a proper means of supporting the allegations in the notice of removal. *McPhail, supra* at p.956 (explaining that it is permissible for a district court to consider settlement offers when deciding the jurisdictional question, even though settlement offers cannot be used to support the ultimate amount of liability at trial). The *McPhail* Court considered emails and letters incorporated with defendant's notice of removal that showed that defense counsel had a conversation with plaintiff's counsel that included a discussion of the value of the claim. *Id*. at 956-57.

14. The jurisdictional amount in controversy is satisfied because Plaintiff alleges its real property "sustained no less than $1,000,000 in damages" as a result of the weather event at issue in Plaintiff's Complaint." *See* **Exhibit A**: Complaint, at ¶¶ 19. Thus Plaintiff has indicated in writing that the amount in controversy exceeds $75,000, exclusive of interests and costs; therefore, diversity jurisdiction exists.

15. Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of New Mexico, Defendants will file a Notice of Filing of State Court Record and certified copies of the pleadings filed in the Fourth Judicial District Court for the State of New Mexico, County of San Miguel, Cause No. D-412-CV-2022-00324, within thirty (30) days of filing this Notice of Removal. A Civil Cover Sheet is attached as **Exhibit C.**

WHEREFORE, Defendant Granite State Insurance Company prays that the above-entitled action be removed from the State of New Mexico Fourth Judicial District Court to this Court.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: */s/ Jill M. Collins*
    Jill M. Collins
    Vanessa E. Garcia
    *Attorneys for Defendant Granite State Insurance Company*
    8801 Horizon Blvd. NE, Suite 300
    Albuquerque, New Mexico 87113
    Telephone: 505.828.3600
    Facsimile: 505.828.3900
    Jill.Collins@lewisbrisbois.com
    Vanessa.Garcia@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing *Notice of Removal* was filed via the CM/ECF filing system on this 20th day of January, 2023 and a courtesy copy was provided to all counsel of record:

Lawrence A. VandenBout
Callender Bowlin, PLLC
1550 Wewatta St., Fl. 2
Denver, CO  80202
Ph: 303-221-9791
lawrence@CBTrial.com
*Attorneys for Plaintiff*

*/s/ Jill M. Collins*

6